FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 MAY 25 PM 12: 11

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JAVIER CRUZ,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant.

_____/

CASE NO.: 8:16-cv-1303-T-35 AEP

# COMPLAINT

Plaintiff Javier Cruz, by and through undersigned counsel, sues Nationstar Mortgage LLC, and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

1


TPAO 34947
$400—

## PARTIES

4. Plaintiff Javier Cruz ("Mr. Cruz" or "Plaintiff") is a natural person who resides in Pinellas County, Florida. Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(8) and is also a person as that term is used in 47 U.S.C. § 227.

5. Defendant, Nationstar Mortgage LLC ("Nationstar" or "Defendant"), is a Delaware limited liability company, does business in the State of Florida, is a "creditor" under Fla. Stat. § 559.55(5), and is a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Mr. Cruz filed a petition for Chapter 7 bankruptcy protection on March 29, 2012 (the "Bankruptcy Petition"). Case No. 8:12-bk-04683-MGW, Doc 1.

9. Defendant, Nationstar, claims that Plaintiff, Mr. Cruz, owed a mortgage debt (the "Debt") to Nationstar. The Debt was originally owned by Bank of America and was sold to Nationstar. The debt is a "consumer debt" under Fla. Stat. § 559.55(6), as it was related to a personal mortgage debt.

10. In 2007, Mr. Cruz and his wife, Ms. Lauren Cruz, surrendered the subject home by way of foreclosure and moved out of the home.

11. The Debt was listed under Schedule F of Mr. Cruz's bankruptcy schedules with an account number ending in 9391 for $158,475.00  See Case Number 8:12-bk-04683-MGW, Doc 1.

12. The Debt was discharged on July 6, 2012.  See Case Number 8:12-bk-04683-MGW, Doc 15.

13. After the bankruptcy petition, Nationstar began a collection campaign against Mr. Cruz to collect the Debt.

14. Nationstar continued attempts to collect the Debt from Mr. Cruz after the bankruptcy was discharged.

15. Beginning in approximately March 2012, Nationstar began telephoning Mr. Cruz's cell phone in an attempt to collect the Debt.

16. Beginning in approximately March 2012, Nationstar began sending Mr. Cruz billing statements and letters regarding forced-placed insurance.

17. Upon receiving initial phone calls from Nationstar, Mr. Cruz informed Nationstar's representatives about the bankruptcy and told representatives that he would not make any payments on the Debt.  Mr. Cruz told Nationstar representatives that he was represented by an attorney and provided his attorney contact information.  Mr. Cruz also instructed Nationstar to stop calling his cell phone, to stop sending him billing statements, and to stop sending him letters regarding forced-placed property insurance.

18. Nevertheless, until at least November 2015, Nationstar continued to repeatedly call Mr. Cruz's cell phone in an attempt to collect the Debt.

19. Additionally, after receiving instructions to stop sending billing statements and letters concerning forced-placed property insurance, until at least March 2016, Nationstar continued to repeatedly send Mr. Cruz such billing statements and letters regarding forced-placed property insurance in effort to collect the Debt.

20. All calls made by Nationstar were made by an automated telephone dialing system and were made to Mr. Cruz's cell phone without his consent. This was evidenced when Mr. Cruz would answer and hear an automated voicemail message before an operator was connected to Mr. Cruz.

21. As detailed below, that conduct constitutes a violation of the FCCPA and the TCPA.

## COUNT I

### VIOLATION OF THE FCCPA BY DEFENDANT NATIONSTAR

22. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

23. Plaintiff re-alleges and incorporates paragraphs 1 through 21, as if fully set forth herein.

24. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

25. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

26. Through its conduct described above, Defendant directly and through its agents violated the above sections of the FCCPA.

27. All conditions precedent to this action have occurred, have been satisfied or have been waived.

28. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

29. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY NATIONSTAR

30. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

31. Plaintiff re-alleges and reincorporates paragraphs 1 through 21, as if fully set forth here-in.

32. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

33. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

35. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

36. All conditions precedent to this action have occurred, have been satisfied or have been waived.

37. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

38. Based upon the willful, knowingly, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 24, 2016

Respectfully Submitted,

CENTRONE & SHRADER, PLLC
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

BRIAN L. SHRADER, ESQ.
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
GUS M. CENTRONE, ESQ.
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff